John W. Stone, Syndic of the Creditors of William M. Tew, an Insolvent Debtor, *v.* Sarah Y. Tew and another.

In an action against a married woman, the authorization of the husband is implied from the fact of his joining his wife, or being joined with her in the suit; but this authorization will not be implied when both are sued, and the wife alone appears. In such a case she will not be considered as acting under his authority. But where both make default, and it does not appear that the husband refused to assist her, a judgment by default may be confirmed against her.

A stipulation in a note given for the price of property sold on credit, that, if not paid at maturity, it shall bear the highest conventional interest from the date of the note till paid, is usurious.

Legal interest will be allowed from maturity, on notes given for the purchase of slaves. C. C. 2531.

APPEAL from the District Court of Catahoula, *Willson*, J. *Phelps*, for the plaintiff.

*Garrett*, for the appellants, urged that the judgment must be reversed as to Sarah Y. Tew, she being a married woman, and not having been authorized by her husband, or the judge, to defend the suit ; citing Civil Code, arts. 123, 126. Code of Pract. 106, 118. 10 La. 574, and the cases there referred to.

MORPHY, J. This suit is brought on three notes, drawn to the order of the plaintiff, by Sarah Y. Tew, the wife of William M. Tew, from whom she is separated in estate, and by Wiley B. Grayson. These notes are dated the 1st of May, 1840, and purport to bear interest at ten per cent per annum from the 1st of April, 1840, if not punctually paid at maturity. One of the notes is for $325, and became due on the 1st of April, 1841 ; and the two others, which are for $675 each, became due, the one on the 1st of April, 1841, and the other on the 1st of April, 1842. Sarah Y. Tew, whose husband was made a party to this suit, suffered a judgment by default to go against her ; while her co-defendant pleaded the general issue, and the want of an amicable demand. There was a final judgment entered up against both, from which they appealed.

It is urged by the appellants' counsel that the judgment of the lower court must be reversed as to Sarah Y. Tew, because the judgment by default given against her could not be made final, the plaintiff having failed to have her authorized to appear and defend the suit. The notes sued on were given by Sarah Y. Tew, for the purchase money of some personal property and slaves, which she bought at the sale of the estate surrendered by her husband to his creditors. The plaintiff, in our opinion, did all that he was legally bound to do, when, in compliance with article 118 of the Code of Practice, he brought the present suit against both the defendant Sarah, and her husband Wm. M. Tew. If the latter, after having been made a party defen-

dant, absented himself, or refused to assist his wife in defending the suit, she could have obtained the necessary authorization by applying to the judge below. As she made no such application, we are bound to presume that her husband never refused to authorize her to stand in judgment, and that when she suffered a judgment by default to be rendered against her and confirmed, she was then acting under his advice and authorization. This presumption is much strengthened by the subsequent appearance in the suit of William M. Tew, who joined and assisted his wife in taking the present appeal. In *Chiasson et al.* v. *Duplantier* (10 La. 574), we said that the authorization of the husband is implied from his joining his wife, or being joined with her in the suit. It is true that, in commenting on the French decisions on this subject, the court said, that the authorization is not implied when both are sued, and the husband makes default, but is confined to the cases where the husband appears. By this, we understand that if, after being both sued, the wife alone appears, she will not be considered as acting nnder the authorization of her husband ; but when, as in the present case, both make the default, and it does not appear that the husband refused to assist her, a judgment by default can be taken against her, and it will be confirmed, if she does not take the proper steps to have it set aside.

The judgment appealed from gives interest at the rate of ten per cent per annum on the three notes, from the 1st of April, 1840. This back interest we are called upon by the appellants' counsel to disallow, as illegal and usurious, under the decision we made at the last term of this court, in the case of *Griffin* v. *His Creditors.* 6 Robinson, 216. We have no reason to be dissatisfied with the opinion then expressed, and will not here repeat the reasons on which it is based. On the two notes of $675 each, given for the purchase of slaves, we will allow legal interest from their maturity, pursuant to article 2531 of the Civil Code.

It is, therefore, ordered and adjudged, that the judgment of the District Court be reversed, so far as it allows an interest of ten per cent on the notes sued on, from the 1st of April, 1840 ; and it is further ordered, that the plaintiff recover interest at

the rate of five per cent per annum on the sum of $325, from the 31st of August, 1842; on $675, from the 1st of April, 1841; and on $675, from the 1st of April, 1842; and that the said judgment be affirmed, in all other respects; the plaintiff and appellee to pay the costs of this appeal.