## GREINER *v.* PRENDERGAST.

Where plaintiff enjoins the execution of a judgment at the same time that he sues to annul it, and, on a judgment being rendered dissolving the injunction with damages and interest, appeals therefrom, giving bond with surety to pay such judgment as may be rendered on the appeal, the surety will be bound, in case of the judgment being affirmed, only for the damages. interest, and costs of the action of nullity, and not for the amount of the original judgment.

APPEAL, by *Durell*, from a judgment of the Fifth District Court of New Orleans, *Buchanan*, J. *Greiner*, for the appellant. *Robinson*, for the defendant. The judgment of the court was pronounced by

SLIDELL, J. *Greiner* instituted suit to annul a judgment rendered against him in favor of *Prendergast*, on the ground that it was obtained through fraud. During the pendency of the action of nullity, an injunction issued at the instance of the plaintiff inhibiting the execution by *Prendergast* of the judgment which *Greiner* sought to annul. The District Court dissolved the injunction, and condemned *Greiner* and his surety in the injunction to pay *Prendergast* $27 damages, and ten per cent interest upon the judgment enjoined and costs. *Greiner* appealed from that judgment, and gave *Levy*, and afterwards, upon *Levy's* becoming a bankrupt, *Durell*, as his surety on the appeal bond. This court affirmed the judgment. A rule was then taken on the surety, *Durell*, and he was condemned to pay $500, the amount of the appeal bond, the judgment to be discharged on payment of $271 and interests and costs, the amount of the original judgment in favor of *Prendergast* against *Greiner*, and the sum of $27 damages and ten per cent interest, less certain credits for amounts paid upon writs of *fieri facias*.

The condition of the appeal bond signed by *Durell* was, that *Greiner* should pay such judgment as was rendered on appeal, otherwise that *Durell* should pay it in his stead. The judgment appealed from and which this court affirmed, was the judgment dissolving the injunction, and condemning *Greiner* to pay

GREINER
v.
PRENDERGAST.

$27 and ten per cent interest upon the original judgment; *Durell*, therefore, bound himself conditionally for the payment of the $27, and the ten per cent interest and the costs of the action of nullity, and nothing more. To hold him to the payment of the original judgment, would be to hold him beyond the terms of his bond, which cannot be done.

The damages, the ten per cent interest, and a portion of the costs, have been already paid by *Greiner* himself. There is a portion of the costs not yet paid, and for those unpaid costs *Durell* is conditionally responsible. We have not the means of ascertaining the amount.

Judgment reversed, and rule dismissed as in case of non-suit, with costs in both courts.