### ROSABELLA B. MILLS, Wife, &c. *v.* ELISHA CROCKER.

The signature of the husband to the appeal bond is sufficient authority for the wife to appeal.
A sale of property, for a fixed price, based on a calculation of interest greater than that allowed by law, where there is no fraud or error, will not be regarded as in violation of the usury law.

APPEAL from the District Court of the Third Judicial District, *Clarke*, J. *Purvis & Dugué*, for appellant. *Schmidt*, for appellees.

BUCHANAN, J. (VOORHIES, J., absent.) The appellee has moved to dismiss this appeal, on the ground that the appellant, a married woman, was not authorized by her husband to take the appeal; and we are referred, in support of this motion, to an authorization of the husband, written, but not signed, at the foot of the petition of appeal. The husband has, however, signed the appeal bond, which is tantamount to a formal authorization.

The defendant purchased, on the 7th August, 1847, at Sheriff's sale, in execution of a judgment against the plaintiff, three lots of ground with the improvements thereon, for the price of fourteen hundred dollars, cash. The plaintiff and her family were residing on the property at the time of the Sheriff's sale, and continued to reside there afterwards. There appears to have been an understanding, or verbal agreement, between the parties, at the time of the purchase by defendant, that he would reconvey the property to plaintiff upon her reimbursing to him the purchase price. But this agreement was never reduced to writing, and was consequently not in such a shape that it could have been enforced by process of law. In this state of things, the parties continued for a number of years, the plaintiff holding the title and paying taxes and insurance on the property; and the defendant living there, without paying any rent, but making two payments to defendant, one in 1848, and the other in 1851, amounting in the aggregate to one thousand dollars. At length, on the 12th of June, 1852, the defendant subscribed a writing, which commences with these words : "Lots bought at Sheriff's sale, *Florence* v. *Mrs. McMillen*, on Jersey street, 7th of August, 1847, for $1400. Said lots I allow to be redeemed according to the following statement, when fully complied with." Then follows a detailed account current and interest account, comprising, on the debit side, the various sums, in the order of their dates, paid by the defendant for

the purchase of the property, and for taxes, insurance, &c., and also money given by defendant for one *J. High;* on the credit side, the two payments, personally made as aforesaid by plaintiff to defendant, and the proceeds of one of the three lots which had been sold a few days before by defendant to another person. The interest is calculated throughout at the rate of ten per cent. The account concludes as follows:

"$872 96—the true balance this 12th June, 1852. June 12th, cash paid, $550—including Jefferson city warrants.

"Errors excepted.

"Signed duplicate.

"E. CROCKER.

"J. P. McMILLAN."

On the same day, the parties (plaintiff being assisted and authorized by her husband) passed a notarial act of sale, referring to the above private writing, and in consumation of the same, by which notarial act the defendant conveyed to plaintiff the two lots, 4 and 5, with the improvements, for the consideration expressed in the settlement made between the defendant and the husband of plaintiff; who gave her note, authorized by her husband, to her own order, at six months, for three hundred and thirty dollars, balance due in settlement.

The object of the present suit is, to have the note of three hundred and thirty dollars canceled, and to recover from defendant the difference between ten per cent. and eight per cent. interest, as usurious. Plaintiff alleges fraud and error; that her husband (from whom she is separated in property) was not authorized to make the settlement of the 12th of June, 1852, and that defendant was bound to reconvey to her lot numbered 3, or its value, as included in the property bought by him at Sheriff's sale.

It appears to us that this case does not come within the statute of 1844, chapter 25, which fixes the maximum of conventional interest in this State, at eight per cent., and authorizes an action for the repetition of a higher rate of interest when already paid, within twelve months from the time of such payment. The settlement between plaintiff's husband and defendant, is the only legal proof of the contract for the resale of the property alleged by the petition; and this document stipulates, as the price of the sale, a certain sum paid or payable in a certain manner.

There is no evidence that plaintiff had ever bound herself unconditionally to purchase the property. Unless she did so, the property was at the risk of *Crocker,* and the maxim is, "*res perit domino.*" *Crocker* being owner, had the right to fix any price he pleased upon the property. In fixing the price, *Crocker* thought fit to enter into a calculation based upon an assumed interest for the use of money, higher than that allowed by law. But the elements of the calculation are unimportant. The result is a sum, which one party agrees to give, and the other to receive, as the price of property belonging to the latter.

Under these circumstances, and in the total absence of proof of fraud and error as alleged, we do not think the plaintiff entitled to the relief that she asks. Neither does it appear proper to reserve, as has been done by the judgment appealed from, a right to plaintiff of instituting another action for the repetition of usurious interest. The view that we have taken of this contract, is inconsistent with such a remedy. It was not a loan upon interest, but a sale; and the enjoyment of the property by plaintiff, without the payment of rent

MILLS
v.
CROCKER.

during five years, was certainly worth much more to her, according to the evidence, than the augmentation of the price caused by a calculation of interest upon moneys advanced. We would therefore, had an amendment of the judgment been asked for by the appellee, have amended the judgment of the District Court in this particular. But no such application being made, the judgment must be affirmed as it stands.

Judgment of the District Court affirmed, with costs in both courts.