## C. M. V. HALL AND HUSBAND v. D. R. CARROLL.

In a suit by wife to annul a judgment against her, it is not sufficient to show matters which might have been a good defence to the action. It must be alleged and proved that the judgment was obtained by fraudulent or improper means.

Suit was brought on an obligation made by the wife with her husband's authorization ; both husband and wife were cited ; a judgment by default was rendered and afterwards confirmed. *Held :* The effect of the default was to create a tacit joinder of issue as to both husband and wife, and to justify a final judgment against the wife.

C. P. 605, 118.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
   *Smiley & Perin*, for plaintiff and appellant.   *Durant & Hornor*, for defendant

OGDEN, J.   The plaintiff enjoined the execution of a judgment which the defendant had obtained against her on two grounds.   1st. That the note on which the judgment had been obtained against her was not given for a debt which had enured to her separate benefit.   2d. That she was not legally cited, and was not authorized by her husband or the Judge to receive citation and answer the petition.   The first ground cannot be considered in this action, unconnected as it is with any allegation, that the judgment was obtained by fraudulent or improper means, it cannot support an action of nullity, although if it had been pleaded, it might have found a good defence to the action. *Dumartrait* v. *Deblanc & Wife*, 5 N. S. 392.   *Rowley* v. *Rowley*, 2 Ann. 209. *Chiopen* v. *Duplantier*, 10 L. R. 570.

The second ground is based upon Art. 605 C. P., which declares that a judgment may be annulled which has been rendered against a person disqualified by law from appearing in a suit.   In the suit in which the defendant obtained his judgment against Mrs. *Hall*, she made no appearance.   The suit was brought on an obligation executed by the wife with the husband's authorization.   They were both joined in the action, and neither having made any appearance, a judgment by default was taken, which was subsequently confirmed on proof.   The Code of Practice, Art. 118, provides that when the suit is brought against the wife for a cause of action relative to her separate interests, the husband must be made a party, and that if the husband is absent the plaintiff must demand that the wife be authorized by the Judge, before whom the

413

suit is brought, to defend it alone, if she be of age. The husband in the present case was not absent. Citations were served personally on both the wife and the husband. They were not bound to defend the suit. The effect of the default was to create a tacit joinder of issue as to both husband and wife, and to fully justify a final judgment against the wife. 9 Rob. 193.

The appellee's counsel has asked for an amendment of the judgment of the Court below, increasing the damages to the fullest extent of the penalty consequent upon the dissolution of the injunction. The plaintiff first took a suspensive appeal from the judgment, which the defendant had obtained against her. She then brought a suit to annul the judgment, which suit was dismissed on the exception that she had taken an appeal from the judgment. From this judgment of dismissal another appeal was taken, but neither of the transcripts of appeals was filed in this Court, and the remedy of injunction finally resorted to. There being no legal grounds for the injunctions, the highest amount of damages under these circumstances ought to be awarded defendant.

It is therefore decreed that the judgment of the Court below be amended as to the amount of damages, and that the defendant have judgment against the plaintiffs, *C. M. V. Hall* and *Peter B. McKelsey,* the surety on the injunction bond, *in solido,* for the sum of two hundred dollars, being twenty per cent. damages on the principal of the judgment enjoined, and that thus amended the judgment of the Court below be affirmed with costs.