No. 2894

Second Circuit

## ROBBINS v. W. W. PAGE & SON

(March 12, 1929.   Opinion and Decree.)

James W. Jones, Jr., of Natchitoches, attorney for plaintiff, appellant.

Phanor Breazeale, of Natchitoches, attorney for defendant, appellee.

WEBB, J.   The plaintiff, Tobe L. Robbins, applied for and obtained a temporary restraining order without bond against W. W. Page & Son and the sheriff of Natchitoches Parish, restraining them from selling certain real estate which had been seized in suit No. 18534, W. W. Page & Son versus T. L. Robbins, on the docket of the District Court of Natchitoches Parish, which is alleged to have been an action to foreclose a mortgage *via executiva*, and on trial of the rule the restraining order having been recalled, plaintiff appeals.

Plaintiff in his application for the restraining order alleged that the notes, secured by mortgage, under which the mortgaged property had been seized in suit No. 18534, were given in settlement of an open account, which account was erroneous in that plaintiff had not been given credit for payments made by him and that usurious interest had been charged by Page & Son and that he, Robbins, had signed the note in error induced by fraud practiced upon him by Page & Son.

There has not been any appearance by appellant in this court, and from our review of the record we do not find that plaintiff sustained his allegations, either as to the charge that there should have been other credits than as shown on the account, or that there were any usurious interest charges.

The evidence shows that Page & Son had furnished Robbins with supplies with the understanding that the price would be fixed at ten per cent above the cash prices, and the account filed in evidence showing the cash price, and the credit price fixed at an advance of ten per cent, this appears to be the basis of the claim that usurious interest was charged; however, it is well settled

"that usury cannot be predicated upon the fact that property is sold on credit at an advance in price over what would be charged in case of a cash sale so long as it appears that the price charged is in fact fixed for the purchase of goods on credit with no intention or purpose of defeating the usury law, although the difference between the cash price and the credit price if considered as interest amounts

to more than the legal rate." (Commercial Credit Co. vs. Tarwater, 215 Ala. 123, 110 So. 39, 48 A. L. R. 1437 and note, page 1442; R. C. L., vol. 27, page 214.)

The evidence shows the cash price to which was added ten per cent was the usual cash price fixed by Page & Son on the merchandise sold, and there is not any evidence indicating that the agreement of the parties as to the manner in which the prices were charged Robbins was for the purpose of evading the usury law.

The judgment appealed from is therefore affirmed.