DENDINGER, INC., v. EMUY & EICHORN and GLOBE INDEMNITY CO.

___

(November 18, 1929. Opinion and Decree.)
(December 16, 1929. Rehearing Refused.)

___

J. D. Dresner, of New Orleans, attorney for plaintiff, appellant.

Monroe & Lemann, of New Orleans, attorneys for exceptor.

Soloman S. Goldman, of New Orleans, attorney for defendants, appellees.

WESTERFIELD, J. There is no dispute as to the facts in this case. Plaintiff sold and defendant bought certain lumber for the price of $1,775.38, the contract of sale containing the following stipulation:

"7 per cent discount will be allowed if paid within 10 days from date of delivery; 5 per cent if paid by the 15th of the month following; net to the last day of the month following when, if not paid, 10 per cent will be added to the above price."

The lumber was used by the purchasers in connection with the erection of a building under a building contract bonded by the Globe Indemnity Co. Emuy & Eichorn, defendants, failed to pay for the lumber, whereupon demand was made upon the surety, the Globe Indemnity Company, who paid plaintiff the principal amount of the contract, $1,775.38, but declined to pay the additional 10 per cent or $177.54. The payment was made without prejudice to the right of plaintiff to claim the additional amount. This suit is brought for $177.54, plus 10 per cent attorney's fees under Act 225 of 1918.

The defense is that the stipulation upon which the suit is based is "usurious, illegal and unenforceable." There was judgment below in defendant's favor and plaintiff has appealed.

The question presented is whether a stipulation in a contract of sale to the effect that if the price is not paid by the end of the month following that in which the sale is made, 10 per cent will be added to the price, is valid and enforceable. The Civil Code provides:

Art. 2439:

"The contract of sale is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself.

"Three circumstances concur to the per-

fection of the contract, to-wit: the thing sold, the price and the consent."

Art. 2456:

"The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid."

Art. 2464:

"The price of the sale must be certain, that is to say, fixed and determined by the parties.

"It ought to consist of a sum of money, otherwise it would be considered as an exchange. * * *"

Art. 1935:

"The damages due for delay in the performance of an obligation to pay money are called interest. The creditor is entitled to these damages without proving any loss, and whatever loss he may have suffered he can recover no more."

Art. 1938:

"All debts shall bear interest at the rate of five per centum per annum from the time they become due, unless otherwise stipulated."

Art. 2554:

"When the seller has granted to the buyer a term for the payment, the interest begins to run from the end of that term."

Plaintiff's position is that the amount claimed in this suit is not a penalty but a part of the purchase price of the lumber which was sold on credit, subject to reduction "depending entirely upon the time of payment selected by the purchasers," and we are referred to a number of authorities: 39 Cyc. 926, 927; Hogg vs. Ruffner, 1 Black (U. S.) 115, 119, 17 L. Ed. 38; Mills vs. Crocker, 9 La. Ann. 334; Robbins vs. W. W. Page & Son et al., 10 La. App. 207, 120 So. 683, 684; Gen. Motors Accept. Corp. vs. Taylor, 173 Ark. 1180, 294 S.W. 386, and many others, all to the effect that a vendor may charge an amount greater than the highest conventional rate of interest, permitted by law, for an article sold on credit, above what would have been charged had the sale been for cash, without being guilty of usury, because, as was held in one of the cases cited, "A vendor may prefer $100.00 in hand to double the sum in expectancy and a purchaser may prefer the greater price with the longer credit." Hogg vs. Ruffner, 1 Black 115, 17 Law Edition 38.

In the case of Robbins vs. W. W. Page & Son et al., supra, decided by the Court of Appeal for the Second Circuit, April 6, 1929, Page & Son sold to Robbins certain supplies with the understanding that the price would be fixed at 10 per cent above the cash price and in disposing of the charge that the contract was usurious the court said:

"It is well settled that usury cannot be predicated upon the fact that property is sold on credit at an advance in price over what would be charged in case of a cash sale, so long as it appears that the price charged is in fact fixed for the purchase of goods on credit with no intention or purpose of defeating the usury laws, although the difference between the cash price and the credit price if considered as interest amounts to more than the legal rate."

In all of the cited cases the question presented involved an increase in the selling price of an article because of the credit extended. In the case before us the 10 per cent increase in the price is dependent upon the delay in payment and is independent of the fact that the lumber was sold on credit. It seems clearly to impose an additional penalty for failure to pay by the "last day of the month following" and in that sense comes within the Codal definition of "interest" (C. C.

art. 1935) as damages due for the delay in the performance of an obligation to pay money. For example, if the purchase price had been met the day before the last day of the month following no penalty would have been due, but if paid one day later an additional sum of $177.54 would, under the terms of the contract, be payable. In fact, interest at the rate of 10 per cent for one day would have been imposed. In Griffin vs. His Creditors, 6 Robinson 216, the court said:

"There is, in our law, a marked difference between the damages which may be stipulated for the breach of an obligation to pay money, and an obligation to give a thing or perform an act. Where the object of a contract is anything but the payment of money, the parties may determine the sum that shall be paid as damages for its breach, and courts of justice will not interfere with such agreements; but, on the contrary, will lend their aid to carry them into effect. Civil Code, Art. 1928. But it is otherwise, when the contract is to pay a sum of money. The law has provided, that no damages exceeding ten per cent on the amount that was to be paid, can be stipulated. Article 1929 of the Civil Code declares, that 'the damages due for delay in the performance of an obligation to pay money, are called interest. The creditor is entitled to these damages without proving any loss; and whatever loss he may have suffered, he can recover no more.' Article 2895 of the same Code, provides, that 'interest is legal or conventional; if conventional, it cannot exceed ten per cent (now eight per cent)'. Any contract, or agreement, therefore, into whatever shape it may be thrown, which stipulates for more than ten per cent damages, or interest, for the delay to pay money, is illegal. I Pothier, Oblig. No. 170. 6 Toullier, No. 266 and No. 809."

See also Stone, Syndic vs. Tew, 9 Rob. 193, and Succession of Stafford, 12 Rob. 178.

For the reasons assigned the judgment appealed from will be affirmed.