No. 3740

Second Circuit

(Second Division)

——

W. W. PAGE & SON v. ROBBINS ET AL.

——

(November 18, 1931. Opinion and Decree.)

——

Breazeale & Hughes, of Natchitoches, attorneys for plaintiff, appellant.

James W. Jones, of Natchitoches, attorney for defendants, appellees.

STEPHENS, J. The plaintiff, W. W. Page & Son, seeks to recover a judgment in solido against Tobe L. Robbins, G. M. McQueen, and J. L. Berry, in the sum of $335.59, with interest, attorney's fees and costs. An exception of no cause or right of action was filed by the defendants McQueen and Berry, and sustained by the district court, and this suit dismissed as to them. The plaintiff prosecutes this appeal from that judgment.

The plaintiff's petition follows:

"The petition of W. W. Page & Son, a commercial firm composed of W. W. Page and Luther Page, residents of the Parish of Natchitoches, Louisiana, respectfully shows:

"That in suit No. 18534 on the docket of your Honorable Court entitled W. W. Page & Son vs. Tobe L. Robbins, they did on August 8, 1926, obtain an order from your Honorable Court for executory process ordering the seizure and sale on second of October, 1926, of the North half of the Northwest quarter of Section Eighteen, Township Eight, North of Range Eight West, Parish of Natchitoches, Louisiana. That said writ of seizure and sale was issued to satisfy a debt secured by mortgage on the above described property in the sum of Four Hundred Two and 60/100 ($402.60) Dollars, with eight per cent interest, from October 18, 1922, and ten per cent attorney's fees. Which order, together with the petition and note and act of mortgage, etc., is referred to, the same being of record in Clerk's office, Parish of Natchitoches, Louisiana.

"Your petitioner further shows that on August 10, 1929, the above described property was finally sold at Sheriff's sale for $100, less Thirty-Two and 99/100 ($32.99) Dollars cost of the sale. Proces verbal thereof was duly filed for record in Clerk's office on August 14, 1929, and the writ credited with Sixty-Seven and 01/100 ($67.01) Dollars. Leaving a balance due on the debt of Three Hundred Thirty-five and 59/100 ($335.59) Dollars, with eight per cent interest from October 18, 1922 and ten per cent attorney's fees.

"Petitioner shows that on the 29th of September, 1926, T. L. Robbins obtained a temporary restraining order prohibiting the sale of property as then advertised under the writ of seizure and sale in the suit of T. L. Robbins v. W. W. Page & Son, 10th District Court No. 18,573.

"On the trial of said rule there was judgment rendered in favor of the defendants, Page & Son of date December 1, 1926, recalling and dissolving the temporary injunction rejecting the plaintiff's demand and dismissing his suit, which judgment was duly recorded in the Clerk's office in Book 143, Folio 451, on December 1, 1926.

"On December 3, 1926, T. L. Robbins, plaintiff in said suit obtained an order of suspensive and devolutive appeal returnable to the Court of Appeal on January 3, 1927. The devolutive appeal bond was fixed at One Hundred ($100) Dollars and the suspensive appeal bond fixed as the law directs.

"In pursuance of said order Robbins filed on December 13, 1926, a suspensive appeal bond in the sum of Eight Hundred Ninety-Nine and 37/100 ($899.37) Dollars. The same dated the 8th of December, 1926, with G. M. McQueen and J. L. Berry as sureties thereon in solido. A certified copy of said appeal bond is annexed and made part hereof.

"On trial in the honorable Court of Appeals for the second circuit of Louisiana

the judgment of the district court was affirmed. The judgment of the circuit court was filed and is of record in the Clerk's Office of the district court in the case of Robbins v. Page & Son (10 La. App. 207, 120 So. 683).

"Petitioner shows that the property mortgaged has been exhausted, leaving a balance due as above stated to petitioner by Robbins of Three Hundred Thirty-five & 59/100 ($335.59) Dollars with eight per cent interest from October 18, 1922, and ten per cent attorneys fees and that under the obligations of the appeal bond J. L. Berry and G. M. McQueen are solidary obligors with Robbins for the payment of said amount.

"Wherefore, petitioners pray for service and citation of T. L. Robbins, G. M. McQueen and J. L. Berry according to law and after due proceedings had your petitioner have judgment against them in solido in the sum of Three Hundred Thirty-five and 59/100 ($335.59) Dollars, with eight per cent interest from October 18, 1922, and ten per cent attorneys fees together with all costs of court. For all further orders and general relief."

The bond which is referred to as annexed and made part of plaintiff's petition, is for the sum of $899.37, and appears on its face to be given to support both a suspensive and devolutive appeal. The condition of the bond reads as follows:

"* * * whereas the above bounden Tobe L. Robbins has obtained an order from the Hon. Tenth District Court, for the Parish of Natchitoches, Louisiana, granting him a suspensive and devolutive appeal to the Hon. Court of Appeals, second circuit of Louisiana returnable to said Honorable Court on the 3rd day of January, 1927, from a certain definitive judgment rendered and signed in the case of Tobe L. Robbins versus W. W. Page & Son, No. 18,573 on the docket of the 10th District Court.

"Now therefore if the above bounden, Tobe L. Robbins shall prosecute his appeal, and shall satisfy whatever judgment may be rendered against him, and that same shall be satisfied by the proceeds of the sale of his estate, real and personal, then this obligation to be null and void, otherwise to remain in full force and effect."

In the suit of Robbins v. W. W. Page & Son, 10 La. App. 207, 120 So. 683, in which the appeal bond sued on herein was filed, the only question presented was whether this court should reverse the finding of the district court and order a preliminary injunction to issue, or affirm the decree of the district court recalling the restraining order and refusing to issue the preliminary writ of injunction. This court affirmed the judgment of the district court and thereby rendered the only judgment against the appellant which could be rendered against him. Clearly, then the only resulting obligation on the appeal bond founded on the condition therein contained was to pay the costs of that proceeding. If the condition required by law in a suspensive appeal bond, when given to sustain an appeal from an order issuing a preliminary writ of injunction, was considered as written in the bond sued on, the obligation would only be extended to include damages resulting from the suspension of the order by virtue of the appeal.

Plaintiff's suit is predicated solely on the theory that there is a balance of $335.59 of the original mortgage indebtedness due it by the defendant after the property subject to the mortgage had been exhausted. There is no demand made for damages resulting from the suspending of the restraining order or for the costs of the suit to enjoin the foreclosure proceeding. The plaintiff has not brought his suit within the conditions of the bond, and therefore has not stated a cause of action against the sureties. Greiner v. Prendergast, 3 La. Ann. 389.

There is another reason, however, why the plaintiff may not recover on the sus-

pensive appeal bond. A suspensive appeal cannot be granted from an order recalling a restraining order and refusing a preliminary injunction (section 5 of Act 29 of 1924). If a devolutive appeal does not afford adequate relief, the sole remedy is by application for writs of certiorari. T. Hofman-Olsen, Inc., v. Northern Lumber Mfg. Co., Inc., 160 La. 839, 107 So. 593. It was held in Barrow v. Caffery, 161 La. 778, 109 So. 488, that a trial court has no discretion to grant a suspensive appeal to a party who has been denied a preliminary writ of injunction.

The trial judge being without authority of law to grant the suspensive appeal in the case of Tobe L. Robbins v. W. W. Page & Son, the decree granting said appeal is an absolute nullity, and it follows that the suspensive appeal bond given pursuant to and in order to effectuate the appeal thus unlawfully granted is without legal force or effect, and is neither binding on the principal or the sureties.

In the case of Ingargiola v. Cappell, 13 Orleans App., p. 321, it was held that the surety on a bond given for a suspensive appeal granted after the lapse of ten days was bound only for costs, though the bond was for an amount large enough for a suspensive appeal, and the surety bound himself "to satisfy whatever judgment may be rendered against him."

In the cited case, as in the present case, the suspensive appeal was granted without the sanction of law, and in the present case, as in the cited case, the suspensive bond, as such, must be held without legal effect.

For which reasons we are of the opinion that the exception of no cause or right of action on behalf of J. L. Berry and G. M. McQueen, sureties on the bond, was properly sustained, and the judgment is therefore affirmed.