**STATE ex rel. ROANE v. HIMEL, Judge
ad hoc.
No. 1745.**

Court of Appeal of Louisiana. First Circuit.
Oct. 5, 1937.

Harris Gagne, of Houma, for applicant.

Henry L. Himel in pro. per.

OTT, Judge.

In 1928, a judgment for $780 was rendered in the district court of Iberia parish in favor of Mrs. Nannie Rader Burleigh and against the partnership of

Scheuermann-Roane-Martel and against the partners, including plaintiff, Jefferson Davis Roane, hereafter referred to as relator. Shortly thereafter this judgment was assigned by the judgment creditor to Mrs. E. N. Scheuermann. On September 23, 1935, the subrogee had a writ of execution issue on this judgment out of the Iberia parish court directed to the sheriff of Terrebonne parish, under which writ the sheriff seized a Ford coupé and truck belonging to relator. On October 28, 1935, relator filed a petition to enjoin the sale of this property, and asked for and obtained a rule for a preliminary injunction against the sheriff and the seizing creditor.

The district judge of Terrebonne parish recused himself, and Judge Himel was appointed to try the case. According to the minutes, the rule was not tried until September 9, 1936, and was not decided until May 28, 1937, when, for the written reasons assigned, the court dismissed and discharged the rule for the preliminary injunction, and rejected the demand of the plaintiff in injunction, and further decreed that the execution continue for the sum of $334.32, with interest and cost.

On June 1, 1937, the trial judge granted relator a suspensive and devolutive appeal to this court, fixing the bond at $50 for a suspensive appeal and $25 for a devolutive appeal. Relator posted the bond for the suspensive and devolutive appeal on June 5, 1937. Thereafter, and before the transcript was filed in this court, the seizing creditor took a rule on relator to have the order for a suspensive appeal canceled and rescinded for the reason that, under section 5 of Act No. 29 of 1924 (the Injunction Act), there is no authority for granting a suspensive appeal from a judgment denying a preliminary injunction. The judge granted the rule and rescinded his order in so far as it granted relator a suspensive appeal from the judgment of May 28, 1937. Relator asked for a suspensive appeal from this order rescinding the former order for the suspensive appeal which the judge refused. Relator has applied to this court for writs to preserve his suspensive appeal. In answer to the alternative writs issued by this court the trial judge has answered, alleging that the order for the suspensive appeal was improvidently granted by him, and it was because of that fact that he entered an order on July 9, 1937, recalling and rescinding the order for the suspensive appeal.

If the judgment rendered by the trial court did no more than deny relator a preliminary injunction, under the plain provisions of section 5 of Act No. 29 of 1924, he was not entitled to a suspensive appeal from this judgment, and any order granting such an appeal would be null and void and of no effect. Page & Son v. Robbins et al., 18 La.App. 66, 137 So. 764.

Furthermore, if the appeal was not authorized by law, the judge had a right to recall and rescind the illegal order after the bond was filed, as an unlawful appeal could not be perfected by the filing of a bond in accordance therewith, nor would the trial court lose jurisdiction of the appeal by the filing of such a bond. See Bailey v. Spiro (La.App.) 169 So. 898.

On the other hand, if the judgment rendered by the trial court on May 28, 1937, did more than merely deny the preliminary injunction, and passed on the merits of the case, such judgment was final, and relator was entitled to appeal suspensively therefrom. Agricultural Supply Co., Inc. v. Livigne et al., (Livigne, Intervenor), 177 La. 15, 147 So. 365, 366; State ex. rel. Lindsay v. Hemenway Furniture Co., Ltd., et al. (La.App.) 159 So. 183.

It is therefore necessary to determine whether or not the judgment did more than merely deny the preliminary injunction. Relator set up three principal grounds in his petition for an injunction to arrest the sale of his property. First, that he was never notified of the assignment of the judgment by the original judgment creditor to the subrogee, who is now seeking to execute the judgment; second, that the judgment is against an ordinary partnership, and the members are only bound jointly and not in solido; third, that he and the partnership of which he was a member have been discharged by reason of a release by the judgment creditor in the act of subrogation of certain property on which a lessor's lien and privilege was recognized in the judgment. Another ground seems to have been raised later, in argument, that the writ was issued for more than was due under the judgment.

The seizing creditor put at issue all these grounds set up by relator for the

injunction, and raised other points' showing why an injunction should not issue to arrest the sale. The case was submitted on the pleadings and documents filed in evidence, and the trial judge discussed and passed on all points raised in his reasons for judgment, and, as before stated, rendered a judgment not only denying the preliminary injunction, but also rejecting the demand of the plaintiff in injunction and ordering the execution to proceed.

The primary relief sought by relator in the suit was an injunction to arrest the sale of his property. As grounds for that injunction he made certain allegations which were put at issue by the seizing creditor. The judge has already passed on all questions put at issue in the case, and there could be no necessity for going through the formality of a trial on the merits. The judgment, to all intents and purposes, is a final one, and as such is subject to be appealed from suspensively under Code of Practice, articles 539 and 565. The situation here is similar to the one in the case of Agricultural Supply Co., Inc. v. Livigne et al., supra, where the Supreme Court, in allowing a suspensive appeal from a judgment refusing to grant an injunction on the trial of the rule, had this to say:

"But, in the case before us, respondent judge has not only refused to grant a preliminary injunction, but has passed also upon the merits of the case, by decreeing the nullity of the sale from defendants to relator of the property herein seized by plaintiff."

The suspensive appeal was properly granted relator. Consequently when this appeal was perfected by relator on June 5, 1937, by posting his bond in accordance with the order, the trial court lost jurisdiction of the case, except for the purpose of testing the surety on the appeal bond. Mundy v. Phillips et al., 157 La. 445, 102 So. 519.

Therefore, the order issued by the trial court on July 9, 1937, canceling and rescinding the order for the suspensive appeal, was null and void for the twofold reason; first, that at that time the court had lost jurisdiction of the case; and, second, the original order for the suspensive appeal was proper. Jaenke v. Taylor et al., 161 La. 996, 109 So. 814.

For the reasons assigned, it is ordered that the alternative writs of certiorari, prohibition, and mandamus, herein issued, be made permanent, and it is now adjudged and decreed that the order rendered by the trial court on July 9, 1937, recalling and rescinding his previous order for a suspensive appeal, be and the same is hereby set aside and annulled; that further proceedings in the lower court be prohibited until such further action as may be taken on the appeal.