SAMUEL, Judgq.
This is a suit on a promissory note executed by the defendant. The defendant has appealed from an adverse judgment in the sum of $2,132.04, with 8% interest from July 26, 1965, plus 20% attorney’s fees and all costs of the proceedings. In this court appellant’s sole defense is usury.
The judgment was taken by default. The petition alleges plaintiff is the holder for value of the note and a chattel mortgage and, despite demand, there is a delinquent balance of $2,132.04 due on the note since July 26, 1965. The record contains the note and the alleged chattel mortgage. The note is for $2,413.88, payable to the order of plaintiff in sixty equal monthly installments of $40.23 each, and provides for an attorney’s fee of not less than 20% of the un *705 paid balance. It also provides: “This note and each installment thereof shall bear interest after maturity at the rate of 8% per annum.” The mortgaged property consists of a refrigerator, range, dining room suite, air conditioner and lamp. In the upper right part of the chattel mortgage form appears the following:

Insofar as the same is pertinent to appellant’s defense on this appeal, the record contains only the petition, the note, the chattel mortgage form as filled out and as signed by the defendant, and the judgment.
Appellant concedes the transaction between the litigants was a credit purchase of the described merchandise by the defendant from the plaintiff. He contends the “time payment charge” of $736.80 must be treated as interest and, as such, the same exceeds the maximum conventional interest rate of 8% provided by Article 2924 of the Louisiana Civil Code (LSA-C.C. Art. 2924).
The simple answer to the contention is that Civil Code Art. 2924 does not apply to a bona fide credit sale of property; in the absence of fraud or intention to defeat the law relative to usury, a vendor and a purchaser may validly agree on a credit price in excess of the cash price for the same article, even though the added price for the credit sale over the cash price exceeds the legal interest rate. Mills v. Crocker, 9 La.Ann. 334; Borel v. Living, La.App., 28 So.2d 392; General Motors Acceptance v. Swain, La.App., 176 So. 636; Robbins v. W. W. Page & Son, 10 La.App. 207, 120 So. 683.
As the transaction in the instant / case was a credit sale, and as the record contains no allegation or evidence of fraud and no ewidence of intention to defeat the law relative to usury, the judgment ap-pealed from must be affirmed.
idgment appealed from is affirmed, The jt
led. Affirn