190 So.2d 522 (1966)
CONSOLIDATED LOANS, INC.
v.
Albertha Sterling SMITH et al.
No. 6735.
Court of Appeal of Louisiana, First Circuit.
July 8, 1966.
Rehearing Denied September 26, 1966.
Writ Refused October 21, 1966.
*523 Ralph Brewer, Baton Rouge, for appellant.
Ashton L. Stewart, of Laycock & Stewart, Ashton L. Sommers, Baton Rouge, for appellees.
Before LOTTINGER, LANDRY, REID, BAILES, and LEAR, JJ.
LANDRY, Judge.
Plaintiff, Consolidated Loans, Inc., (Consolidated) has taken this appeal from the judgment of the trial court in favor of defendant, Albertha Sterling Smith, in the sum of $3,558.12, rendered on said defendant's *524 reconventional demand filed in opposition to plaintiff's suit for deficiency judgment.
The principal demand instituted herein by Consolidated was against Isiah Smith and Albertha Sterling Smith, husband and wife and co-makers of a certain promissory note secured by mortgage on specific separate and paraphernal immovable property belonging to the said wife and certain household furnishings belonging to the community which exists between defendants. Consolidated initially filed suit to foreclose the mortgage by executory process in the course of which the separate property of defendant wife was adjudicated to Consolidated for the sum of $6,300.00. After applying the proceeds of the sale to the indebtedness of defendants, there remained unpaid a balance of $357.45 for which Consolidated seeks judgment herein and recognition of its chattel mortgage on the community movables.
Defendants' reconventional demand is based on the contention that the original note sued upon by Consolidated included discounted or capitalized interest, the unearned portion of which was forfeited upon plaintiff's acceleration of maturities of unpaid installments, and that certain late charges paid by reconvenors were usurious and therefore should have been imputed to the principal obligation. The prayer of the reconventional demand, as finally amended, is that defendant wife, as owner of the immovable property sold pursuant to executory proceedings provoked by plaintiff, is entitled to judgment for the difference between the amount due on the debt and the amount bid by plaintiff-adjudicatee at the judicial sale.
As defendant-in-reconvention appellant filed exceptions of nonjoinder of a necessary and indispensable party (namely, the Sheriff of East Baton Rouge Parish), coupled with a plea of waiver on which ground it is contended defendants are estopped to deny the debt herein sued upon. Appellant also contends defendant wife has no right of action herein inasmuch as the amount sought to be recovered belongs to the community and therefore is recoverable by the husband alone. On this issue, appellant argues further that the reconventional demand, as ultimately amended states no cause of action as regards the husband and thus eliminates him as a plaintiff in reconvention. Appellant also maintains the issue is res judicata because the judgment rendered against defendants in the executory proceedings has now become final and neither defendant appealed therefrom. In the court below, defendant-in-reconvention filed a plea of one year's prescription in bar of reconvenors' claims both as to proper imputation of usurious late charges and for unearned discounted interest.
On this appeal counsel for plaintiff alleges the learned trial court erred in the following respects: (1) Admitting in evidence testimony by defendants concerning certain late charges over plaintiff's objection the pleadings were thereby enlarged; (2) Failing to dispose of plaintiff's plea of prescription; (3) Declining to dismiss defendants' reconventional demand either on the peremptory exceptions filed thereto by plaintiff, or on the merits because defendant wife had no claim either on behalf of her separate estate or the community since the amount of the debt was fixed in the foreclosure proceeding; (4) Neglecting to sustain plaintiff's plea of prescription and dismiss the reconventional remand, and (5) dismissing plaintiff's principal demand and awarding judgment in favor of defendant wife.
The minutes of the trial court reflect that on June 15, 1964, the dilatory and peremptory exceptions filed by Consolidated as defendant in reconvention were overruled. Subsequently, additional exceptions were filed in opposition to the reconventional demand, which latter exceptions were likewise overruled on December 29, 1964. Still other pleas and exceptions by appellant were also filed and overruled but it *525 appears, as suggested by counsel for appellant, that the plea of prescription was not passed on below.
There is no dispute concerning the facts and circumstances of this casethe disagreement between the litigants addressing itself to the application of the proper jurisprudence and the conclusions to be drawn therefrom.
On February 7, 1962, defendants borrowed from plaintiff the sum of $3,394.75 in representation of which defendants executed as co-makers a promissory note for $6,580.20 payable in sixty monthly installments and bearing interest at the rate of eight per cent per annum from maturity, said evidence of indebtedness containing an acceleration clause in the event of default in the payment of any of its stipulated installments.
Defendants became delinquent upon their said obligation and on August 23, 1963, plaintiff, exercising its option under the instrument, acclerated the note as of June 15, 1963, the date of delinquency and foreclosed by executory process on the immovable property belonging to defendant wife. In the executory proceedings plaintiff alleged that only $1,826.70 had been paid on the principal leaving a balance due of $5,023.48, with interest, attorney's fees and costs, according to the provisions of the note. After due proceedings had via executory process, the property was sold at Sheriff Sale on October 30, 1963, and bid in by plaintiff for the sum of $6,300.00, the costs aggregating $189.73. Thereafter, plaintiff-adjudicatee sold the property to a third party not involved in this litigation.
This present action for deficiency judgment in the amount of $357.45 was instituted May 6, 1964, under the same caption and docket number as the executory proceeding.
Defendants' reconventional demand is for the sum of $3,516.07, with legal interest from date of the sheriff's sale until paid, which sum defendants represent is the difference between the price of adjudication of her property at the foreclosure sale and the true balance legally owed on the note as calculated by defendants. In essence defendants maintain that defendant wife, as owner of the mortgaged property, was entitled to receive the difference between the bid price at the foreclosure adjudication and the amount necessary to satisfy the writ of seizure and sale, or, in other words, the amount required to pay the balance lawfully due.
Consolidated's plea of one year's prescription, based on Articles 3536 and 3537 LSA-C.C., is without merit. Plaintiff argues in effect that the reconventional demand is for the return of payments wrongfully made therefore pursuant to the cited codal provisions each said payment prescribed from its respective date, all of which occurred more than one year prior to filing the reconventional demand. In so contending, plaintiff is in error. Defendants are not herein seeking recovery of moneys allegedly wrongfully paid. The reconventional demand is based on the contention that the discounted interest should have been remitted when plaintiff accelerated payment of installments not then due pursuant to the jurisprudence interpreting LSA-C.C. Article 2924 which fixed the maximum conventional interest rate on an obligation.
In his brief before this court learned counsel for appellant urges, in the alternative, that since plaintiffs in reconvention are claiming certain late charges amount to usurious interest, all demands based on this contention are barred by the two year prescriptive period provided for in LSA-C.C. Article 2924. While some of the late charges of which plaintiffs in reconvention complain were made more than two years prior to filing the reconventional demand, appellant has not plead the two year prescription and a plea of prescription cannot be supplied by the court. LSA-C.C.P. Article 927. Consequently, it is unnecessary *526 that we decide whether the doctrine of quae temporalia sunt ad agendum perpetua sunt ad excipiendum applies to the late charges involved herein, that is, the question whether, if prescribed, appellees' claim for wrongful overpayment nevertheless survives as a defense against a demand for deficiency judgment. See Huntington v. Westerfield, 4 Orleans App. 186.
As to the allegedly usurious discounted interest purportedly exacted of appellees, payment thereof could not have occurred until distribution was made of the proceeds of the judicial sale held incident to the prior executory proceedings. Therefore, if defendants' reconventional demand be held to constitute a suit authorized by LSA-C.C. Article 2924, it is not prescribed. However, for reasons hereinafter set forth, it is necessary that we consider appellant's plea of one year's prescription in view of the legal basis on which the reconventional demand herein is founded.
Counsel for reconvenors correctly argues that the owner of property adjudicated at judicial sale has a right to recover the excess of the proceeds over and above the lawful amount of the writ and recovery of such surplus may be had by action directly against the party receiving payment thereof. Bank of Morehouse v. Williamson Builders, Inc., La.App., 169 So.2d 619. In the instant case the reconventional demand having been filed within a year of the sheriff's sale, there is no basis on which the claim of the wife as owner of the adjudicated property could be held to have prescribed.
Contending upon authority of Allen v. Commercial National Bank in Shreveport, 243 La. 840, 147 So.2d 865, that an order for issuance of a writ of seizure and sale is considered a judgment for purposes of appeal, counsel for Consolidated argues that reconvenors' failure to take any action in the executory proceedings constituted a waiver of whatever rights reconvenors possessed and therefore reconvenors are now estopped to assert any such rights herein. Counsel further contends that since the order of seizure and sale is a final judgment subject to appeal and any rights which reconvenors may have had could have been asserted by way of application for injunctive relief in the executory proceedings as authorized by Spiro v. Richardson, 240 La. 192, 121 So.2d 741, all such issues are now res judicata.
Although it is quite correct as contended by counsel for appellant that an order for issuance of a writ of seizure and sale is deemed a judgment for purposes of appeal, the Supreme Court has established our jurisprudence to the effect an order of seizure and sale is not a judgment that adjudicates the legal issues in a controversy between litigants to the degree that it will support a plea of res judicata. St. John Lumber Co. v. Federal Nat. Bank, 143 La. 693, 79 So. 223.
Allen v. Commercial National Bank in Shreveport, supra, cited and relied upon by counsel for appellant is readily distinguishable from the instant cause. The cited authority merely held that a judgment rendered in a suit for an injunction against seizure and sale by executory process is res judicata. To the same effect see Keen v. LiRocchi, La.App., 153 So.2d 134, and Bickham Motors, Inc. v. Crain, La.App., 185 So.2d 271. We also note that Breaux v. Laird, 230 La. 221, 88 So.2d 33, cited and relied upon by counsel for appellants, is inapposite to the issue under consideration. It follows that appellant's pleas of estoppel, waiver and res judicata are without merit and were properly overruled by the trial court.
We next consider appellant's contention that only the husband can assert the reconventional demand herein urged, because the debt was a community obligation. On this ground it is argued that any claim for recovery of excessive payments, or for the remission of usurious interest or unearned *527 discount, is a claim of the community, assertable by the husband only. Therefore, according to appellant, since the prayer of defendants' reconventional demand, as ultimately amended, seeks recovery by the wife alone, the husband is no longer a party to this action and the wife may not recover a community claim.
Appellant's argument, though ingenious, is without merit because it obviously misinterprets the fundamental nature of the reconventional demand asserted by defendant wife. As plaintiff in reconvention, she does not pray for recovery of amounts erroneously or unlawfully collected. The petition in reconvention seeks payment to the owner of mortgaged property sold at an executory proceeding of the difference between the balance due on the debt and the price of adjudication. As owner of the property sold, defendant wife is entitled to assert in her own name her right to recover the difference between the adjudication price and the amount actually due on the debt at the time of sale. As the owner of the property sold, the wife is the only person who could assert a claim for said difference. The husband though liable as the primary co-obligor, nevertheless is without right or interest to sue for the difference in question since neither he individually nor the community was the owner of the adjudicated security. The husband did, of course, join the wife in asserting the erroneous calculation of the debt account as reflected in the executory proceeding. Of necessity such circumstance must be established by the owner of the property sold to prove the difference between the amount due and the adjudication price.
Adverting now to the merits of the cause, we note that certain late charges were collected from the debtors when installments became delinquent. It appears these late charges exceed maximum legal interest rate of eight per cent per annum for the period of delinquency. It is settled law that late charges or bonus payments for extensions of an indebtedness are tantamount to interest payments and are usurious if they exceed the legal maximum rate. Berger v. DeSalvo, La.App., 156 So.2d 323.
Plaintiff, however, cites Robinson Lumber Co. v. Tracka & Boudreau, 173 La. 461, 137 So. 853, and Allemand v. Babineaux, La.App., 165 So. 724, as authority for the proposition that late charges may properly be collected. We have read the authorities relied upon by appellant and find that they were distinguished in the Berger case, supra, on the ground the debtor received some benefit from the extension of payment over, above and beyond the usual advantages of a mere extension, or the creditor involved suffered a diminution of his security. In both the cited cases it was held the charges did not constitute interest as they were supported by other consideration. No such other consideration was granted or shown in the present case. The late charges paid by plaintiffs in reconvention were solely and only for the sake of obtaining an extensionno benefit other than the mere extension itself resulted to reconvenors; neither did appellant suffer a diminution of its security or any other detriment or disadvantage by virtue of the extentions granted consequently the present case does not fall within the rule of the authorities relied upon by appellant. We are in agreement with the conclusions in the Berger case, supra, that the question in instances of this nature is whether bonus payments or late charges are to be considered as interest and, if excessive in rate, as usury. We also note in the Berger case, supra, the following observations with which we are in complete accord:
"The question is not simply whether the bonus payments were supported by consideration; every usurious contract originated with some kind of consideration, but the usury is nevertheless reprobated by law. * * * The penalty for *528 usury is forfeiture of the entire interest so contracted; LSA-R.S. 9:3501. Thus plaintiff can collect no interest for the periods covered by the extensions * *."
The jurisprudence with respect to the collection of unearned discounted interest in excess of maximum limits was reviewed at some length in Berger v. DeSalvo, supra, and Clasen v. Excel Finance Causeway, Inc., La.App., 170 So.2d 924. The rule which has evolved is that where the holder of the note elects to accelerate maturity, he thereby remits the unearned capitalized interest, but where the maker or obligor elects to pay the indebtedness in advance of maturity no remission can be claimed. Appellant having made the election to accelerate as holder of the note, is therefore deemed to have remitted all unearned interest as contended by plaintiffs in reconvention.
There remains appellant's final contention that evidence regarding some late charges was admitted over its objection thereby enlarging the pleadings. This position appears well taken inasmuch as not all the late charges allowed to be established were plead in the petition in reconvention. As a result the trial court rendered judgment in favor of reconvenor in excess of the amount alleged to be due and for which recovery was requested. The judgment must be amended to correct this discrepancy.
In light of the foregoing principles, appellant's claim in the executory proceeding is properly calculated as follows:

Principal $3,394.75
Discounted interest 518.32
 _________
(9/60 of $3,455.45) $3,913.07
Credits for payments 1,898.15
 _________
 $2,014.92
8% interest from June 15,
1963, to October 30, 1963 60.44
 _________
 $2,075.36
25% attorney's fee 518.84
 _________
 $2,594.20
Court costs 189.73
 _________
Total claim of plaintiff $2,783.93

The foregoing calculation is correct and coincides with the allegations in the reconventional demand. During the trial reconvenors attempted to prove payment of additional late charges to which timely objection was made by appellant on the ground that not having been plead, proof of such items would amount to an enlargement of the pleadings. Appellant is quite correct in this contention consequently these unplead late charges cannot be allowed.
The price of adjudication was $6,300.00. Reconvenor-wife is entitled to the difference of $3,516.07 together with interest thereon at the legal rate of five (5%) per cent per annum from date of judicial demand, until paid.
Accordingly, the judgment of the trial court is amended to award judgment to plaintiff in reconvention, Albertha Sterling Smith, and against defendant in reconvention, Consolidated Loans, Inc., in the full sum of $3,516.07, together with interest thereon at the rate of five (5%) per cent per annum from date of judicial demand, until paid, and all costs of these proceedings.
Amended and affirmed.
ON APPLICATION FOR REHEARING FILED ON BEHALF OF DEFENDANTS-APPELLEES, ALBERTHA STERLING SMITH AND ISIAH SMITH, JR.
PER CURIAM.
Plaintiffs in reconvention, Albertha Sterling Smith and Isiah Smith, Jr., in application for rehearing have correctly pointed *529 out our inadvertent error in casting defendant in reconvention under the corporate name of Consolidated Loans, Inc. whereas the record reflects that said corporation has changed its name from Consolidated Loans, Inc. to A Second Mortgage Corporation of Baton Rouge, Inc., under which latter nomenclature defendant in reconvention was cast in the court below.
Accordingly, the judgment originally rendered herein is hereby amended and revised by changing the name of the litigant cast in judgment from Consolidated Loans, Inc. to A Second Mortgage Corporation of Baton Rouge, Inc.
The remaining issues raised by the aforesaid applicants for rehearing present only issues which have been fully considered in our original opinion.
Rehearing denied.