YARRUT, Judge.
Plaintiff sues to recover $360.22, principal balance due on a promissory note, together with interest, attorneys’ fees and court costs. It is stipulated that Defendant *510 is the maker and Plaintiff the payee, and the balance due is $360.22.
Defendant, however, contends that, (1) the debt was discharged in bankruptcy, and (2) the note was usurious under LSA-R.S. 6:589, which provides, inter alia:
“ * * * no person shall directly or indirectly charge, contract for, or receive interest, discount, or consideration greater than eight percent per year upon the loan, use or forbearance of money, goods, or things in action, or upon the loan, use, or sale of credit, of the amount or value of three hundred dollars or less.”
Plaintiff contends that Defendant’s discharge in bankruptcy was not valid because he made a false written financial statement upon which Plaintiff relied when the money was loaned, and that under the Federal Bankruptcy Act the debt was not discharged. 11 U.S.C.A. § 35.
The Trial Judge rendered judgment for Defendant, giving the following reasons:
“Taking the word of the Plaintiff himself, who testified he didn’t have a small loan license and that this was a discount loan, under those circumstances I think a false financial statement doesn’t have anything to do under a discount loan.
“The law and the evidence being in favor of the Defendant, I am dismissing this suit at the cost of Plaintiff herein.”
We have found no authority for the proposition that, when a lender making a discount loan relies on a false financial statement, this does not prevent the debt being discharged in bankruptcy. However, we do find that the interest charged was usurious in contravention of the Louisiana Small Loan Act.
Plaintiff contends that the above quoted section of LSA-R.S. 6:589 is not applicable because the loan made exceeded $300.00 and was, in fact, for $301.00.
Although the amount of the note was $435.36, the actual sum received by Defendant was $292.29. Defendant was, as a condition for obtaining of the note, required to pay $8.71 for life insurance. Plaintiff claims that this sum should be added to the $292.29, Defendant actually received, to bring the amount of the debt up to the $301.00 figure.
We hold, however, that the amount of money the debtor actually receives is the amount of the loan and that a charge for compulsory life insurance should not be added to the principal received in order to exempt the loan from the purview of the Small Loan Act.
Although, theoretically, the life insurance gives some benefit to the debtor, the creditor obtains the primary advantage therefrom. This is not a supposition on our part. The president of Plaintiff testified that the Defendant could not have obtained the loan unless he agreed to purchase insurance, which guaranteed Plaintiff would be paid in the event of Defendant’s death.
The only definition we have been able to find concerning what constitutes the principal amount of a discount loan with a life insurance charge, is contained in Home Finance Co. v. Padgett, La.App., 54 So.2d 813. In that case it was held that charges for life insurance were in violation of the provisions of the Small Loan Act, which restricts interest and other charges. Admittedly, this holding has been legislatively overruled by LSA-R.S. 6:589(C), which provides that the requirement of reasonable life insurance should not be deemed to be an additional or further interest discount or charge in connection with a small loan. However, we find the reasoning of the Pad-gett case with regard to what actually constitutes the principal of a loan is still valid.
In the cited case, the Court of Appeal, Second Circuit, cited, with approval, the following reasons given by the District Judge:
“ ‘Could it be said that the plaintiff, acting as a general finance business, could have a prospective borrower of $250.00 execute a note payable to bearer in the sum of $350.00 and ‘purchase’ the *511 same from the borrower, charging him $12.00 for insurance and 50 cents for recording a chattel mortgage securing the note, and a discount in the amount of $87.50 ? We think not. And, in that case, would not the real transaction be a loan of $250.00 rather than the discounting, or purchasing at discount, of a $350.00 note ? * * * > ”
As stated above, we concluded that the loan made was for $292.29. For this loan, Defendant was charged a discount interest rate of 45.9% over a two-year period, clearly making the loan usurious and unenforceable. LSA-R.S. 6:589.
For the above reasons, the judgment appealed from is affirmed; Plaintiff to pay all costs in both courts.
Affirmed.