WILLIAMS, Judge.
A. K. Busada filed this suit on a note dated January 29, 1968 signed by defendant, J. E. Goeders, in the sum of $1,000 due 75 days after date. Plaintiff alleges that the full amount of the note is unpaid and seeks in addition to the principal 8% interest from January 29, 1968 plus 10% for attorney’s fees. The trial court granted judgment in favor of plaintiff for $510 with 8% interest from January 29, 1968 until paid and for all costs of the suit. Plaintiff appealed, asking the amount be increased to the full sum of the note plus interest and fees. Defendant answered the appeal requesting that the judgment be amended by eliminating the interest and assessment of costs against him.
During the year 1967 defendant and J. W. Tanner, a timber estimator, proposed that plaintiff assist them in certain timber deals. Tanner was to buy timber with money loaned to him and Goeders. On the first two transactions plaintiff made loans of $2,000 and $1,200, secured by notes signed by Tanner and Goeders. Plaintiff’s loans were paid off and he received profits of $500 and $400 respectively on the two notes.
Plaintiff then made two subsequent loans to Tanner and Goeders, as follows:
1. $2,000 represented by note dated May 15, 1967 for $3,000 due two months after date with interest at the rate of 6% per annum from July 15, 1967 until paid.
2. $1,200 represented by note dated June 2, 1967 for $1,600 due 60 days after date with interest at the rate of 6% per annum from_until paid.
Both of these notes were signed by Tanner and defendant. For some reasons dehors the record the last mentioned timber deal went awry. Defendant, who had negotiated with plaintiff, was called upon by plaintiff to pay the notes. Defendant paid plaintiff $500 on November 28, 1967 and another $200 on December 29, 1967. On January 29, 1968 plaintiff asked defendant for the balance on the notes. After some negotiations defendant paid plaintiff $2,500 and signed the note which is the basis of this suit.
Defendant explained that he signed the $1,000 note in an attempt to satisfy plaintiff. Defendant was willing to pay plaintiff a bonus or interest on the money loaned 'by plaintiff of $500. This sum was agreeable to plaintiff but he wanted it in cash on January 29, 1968; however defendant did not have the money on that date. Finally defendant prepared the note for $1,000 and the following endorsement was written by defendant and signed by plaintiff on the reverse side thereof:
“Payment for Note on face will be marked Paid in full by A. K. Busada on receipt of $510.00 by Due Date, /s/ A. K. Busada.”
*671 Because of this claim by plaintiff to interest due him plaintiff asserts that the note was in the form of a compromise agreement. Defendant asserts that he was and is willing to pay $510 but the additional $490 is a form of interest or bonus and is usurious and that he does not owe same.
The trial court held that defendant and plaintiff had agreed on a compromise of $510. Defendant tendered the sum of $512 on April 29, 1968, 17 days after the due date of the note. Plaintiff refused the offer, stating that since it was not tendered before April 12, 1968 as provided by the note defendant owed the entire $1,000.
An analogous case to the instant one is Dendinger, Inc. v. Emuy & Eichhorn, 12 La.App. 39, 124 So. 604 (Orleans, 1929) where the court stated:
“ * * * In the case before us the 10 per cent, increase in the price is dependent upon the delay in payment, and is independent of the fact that the lumber was sold on credit. It seems clearly to impose an additional penalty for failure to pay by the ‘last day of the month following,’ and in that sense comes within the codal definition of ‘interest’ (C.C. art. 1935), as damages due for the delay in the performance of an obligation to pay money. For example, if the purchase price had been met the day before the last day of the month following, no penalty would have been due, but, if paid one day later an additional sum of $177.54 would, under the terms of the contract, be payable. In fact, interest at the rate of 10 per cent, for one day would have been imposed. In Griffin v. His Creditors, 6 Rob. 216, the court said:
‘There is, in our law, a marked difference between the damages which may be stipulated for the breach of an obligation to pay money, and an obligation to give a thing or perform an act. Where the object of a contract is anything but the payment of money, the parties may determine the sum that shall be paid as damages for its breach, and courts of justice will not interfere with such agreements; but, on the contrary, will lend their aid to carry them into effect. Civil Code, art. 1928. But it is otherwise, when the contract is to pay a sum of money. The law has provided, that no damages exceeding ten per cent, on the amount that was to be paid, can be stipulated. Article 1929 of the Civil Code declares, that: “the damages due for delay in the performance of an obligation to pay money, are called interest. The creditor is entitled to these damages without proving any loss; and whatever loss he may have suffered, he can recover no more.” Article 2895 of the same Code, provides, that “interest is legal or conventional; if conventional, it cannot exceed ten per cent, [now eight per cent.].” Any contract, or agreement, therefore, into whatever shape it may be thrown, which stipulates for more than ten per cent, damages, or interest, for the delay to pay money, is illegal. Pothier, Oblig. No. 170; 6 Toullier, No. 266 and No. 809.’” [124 So. 604, 605, 606]
We are in accord with the decision of the trial court granting plaintiff $510. We do not agree with that portion of the judgment allowing plaintiff 8% interest on the above sum from January 29, 1968 until paid. The penalty for not paying by the maturity date of the note was undoubtedly in addition to the legal maximum of 8% interest already stipulated in the note and is undeniably usurious. The penalty for usury is forfeiture of the entire interest so contracted. LSA-R.S. 9:3501. Thus, plaintiff can collect no interest from said note.
Defendant has objected to the assessment of costs against him by the trial court. In the reasons for judgment, the court stated costs were assessed against plaintiff because of the tender of payment prior to the *672 filing of suit; however, the judgment incorrectly cast the costs against the defendant.
For the reasons assigned, the judgment appealed is amended by the exclusion of interest and by the assessment of costs, including costs of this appeal, to plaintiff and that as thus amended, the judgment is affirmed.