236 So.2d 533 (1970)
GORDON FINANCE COMPANY, Inc.
v.
Oliver CHAMBLISS.
No. 3958.
Court of Appeal of Louisiana, Fourth Circuit.
June 1, 1970.
Rehearing Denied July 6, 1970.
*534 Paul W. Odenwald, New Orleans, for plaintiff-appellee.
Wilmer G. Hinrichs, New Orleans, for defendant-appellant.
Before SAMUEL, REDMANN and LeSUEUR, JJ.
REDMANN, Judge.
Defendant appeals from a judgment for the balance due on defendant's promissory note after deducting the amount realized by executory process sale of a truck under a chattel mortgage securing the note.
Defendant's principal complaint is that the constable's return on the writ of executory process was not in the record at the time of trial of the suit for deficiency, and that he was deprived of an opportunity to make a defense owing to that circumstance coupled with plaintiff's failure to allege the sale was made with appraisement (a sine qua non for deficiency judgment, LSA-R.S. 13:4106).
The lack of an allegation of appraisement would be at most a failure to state a cause of action, and plaintiff would have been entitled to amend the petition, LSA-C.C.P. art 934. Appraisement was in fact had, according to the chief deputy constable's testimony at the trial based on the constable's file in the case. The return on the writ had been sent to the clerk of court, but was misplaced in the clerk's office (and not placed in the record until after the judgment appealed from).
We believe the trial court properly overruled defendant's objection to the deputy constable's testimony from the constable's file. If the original return had been somehow lost (as in effect it was), the plaintiff should not be denied its rights where the *535 substance of the return is provable from other records.
But our review of the record satisfies us the judgment must be amended prior to affirmation.
The balance of the purchase price of the truck involved ("including licensing & Registration fees, etc.") was $634.03, to which $58.15 for life insurance and $25.00 for "official fees" were added making the total principal debt $717.18. The debt was to be paid in 18 equal monthly installments, and interest for the 19-month period was added in the amount of $177.42, making the total amount of defendant's note $894.60. That the note includes discounted interest is evident not only from its provision for interest only after maturity but also from its entire face which recites the figures above set forth. Thus plaintiff is not a holder in due course, since it had notice of this infirmity; R.S. 7:52.
The discounted interest is clearly in excess of 8% true simple interest per annum, the maximum conventional rate, LSA-C.C. art. 2924. Yet after providing for additional interest of 8% per annum from maturity of each installment, the note further provides for "a delinquent charge, on any installment in default ten days or more from its due date, in the amount of $5.00 or five per cent of the installment, whichever is less, * * *."
But LSA-C.C. art. 1935 declares:
"The damages due for delay in the performance of an obligation to pay money are called interest. The creditor is entitled to these damages without proving any loss, and whatever loss he may have suffered he can recover no more."
No matter what the form of an agreement for an extra payment on account of the delay to perform an obligation to pay money, the extra payment is interest; Griffin v. His Creditors, 6 Rob. 216 (La. 1843). The "delinquent charge" here is interest. See also Consolidated Loans, Inc. v. Smith, 190 So.2d 522 (La.App. 1966), cert. denied, 249 La. 753, 190 So.2d 913.
R.S. 9:3501 provides:
"Any contract for the payment of interest in excess of that authorized by law shall result in the forfeiture of the entire interest so contracted."
The contract before us does stipulate for the payment of interest in excess of that authorized by law. The entire interest provided by the contract must therefore be forfeited.
We do not suggest that the mere circumstance of capitalized interest in excess of 8% would deprive the lender of all interest: C.C. art. 2924 has been interpreted to authorize higher capitalized interest, Mayfield v. Nunn, 239 La. 1021, 121 So.2d 65 (1960). Nor need we consider whether the effective rate of interest here is so unconscionable as to arouse the judicial conscience to refuse participation in its exaction.
We are also aware that Mayfield merely disallowed 8% interest from date of a discounted note, while allowing the discount and 8% from maturity. But the plaintiff in Mayfield did not claim that R.S. 9:3501 was applicable; he merely urged C.C. art. 2924 prohibited interest over 8% even as discount. And the bulk of the court's opinion discusses only that question and its history, without even mentioning R.S. 9:3501. Additionally, the interest there (in addition to the discount) was only 8%, whereas here it is 8% plus "delinquent charges."
We have stated our view that R.S. 9:3501 forfeits all interest under the contract; see also Lawrence v. Durr, 195 So. 2d 337 (La.App. 1967). We therefore need not dwell on the circumstance that that portion of the discount unearned as of plaintiff's election to accelerate maturity would have had to be remitted in any case; *536 Williams' Heirs v. Douglass, 47 La.Ann. 1277, 17 So. 805 (1895); Berger v. De Salvo, 156 So.2d 323 (La.App.1962), cert. denied, 245 La. 86, 157 So.2d 231; Consolidated Loans, Inc. v. Smith, supra.
We accordingly eliminate all interest and reduce the principal due to $717.18 (no payment having been made), and allow the 20% attorney's fees prayed for, or $143.43. (The note provided 25% fees, but we are limited by the 20% prayer, Baker Finance Co. v. Hines, 255 La. 971, 233 So.2d 902 (1970).) The costs of the sale via executiva were not proven on the deficiency judgment trial, largely owing to the absence of the constable's return. Defendant had asked for a continuance due to this absence, but plaintiff insisted on trial.
From the total of principal and attorney's fees, $860.61, we deduct the $300.00 testified to as realized from the sale.
Accordingly we amend the judgment appealed from to reduce its principal quantum to $560.61; and, as amended, in all other respects, including legal interest from judicial demand, it is affirmed. Plaintiff is cast for all costs of this appeal.
Amended and affirmed.