SAVOY, Judge.
The narrow issue presented for our determination on this appeal is whether or not the refinancing of discounted loans prior to maturity constitute voluntary prepayments so as to not allow the debtor credit for the unearned capitalized interest or whether the refinancing of the discounted loans prior to maturity constitutes usury in not allowing the debtor credit for the unearned capitalized interest.
Plaintiff, holder in due course of a promissory not payable to its own order executed by defendant on April 25, 1968, in the principal sum of $792.00, filed suit to recover the sum of $753.60 plus 8% interest per annum from November 25, 1968, and attorney’s fees when defendant defaulted on the note. Defendant answered alleging that the interest on the loan was usurious in the following respects: late charges and extension fees were charged when the note contained capitalized interest; the amount of interest is in excess of the amount provided for by law; part of the consideration of the note in question herein is payment of a prior note or notes on which the unearned capitalized interest was not rebated in accordance with law; and, said note calls for 8% interest calculated on the face amount of the loan which includes discount interest. In the further alternative, defendant alleged that said loan contained discounted interest, part of which is unearned and must be rebated.
The district judge, in a written opinion, held that plaintiff was entitled to judgment in its favor subject to a credit in favor of defendant for the unearned capitalized interest. From the judgment defendant appealed devolutively contending that the trial court erred: (1) in holding that the refinancing situations were voluntary prepayments within the meaning of Consolidated Loans, Inc. v. Smith, 190 So.2d 522 (La.App. 1 Cir. 1966) and similar decisions; and (2) in holding that sufficient cause or consideration existed for appellant’s promise to pay amounts of unearned capitalized interest in each refinancing transaction.
The court, in the case of Consolidated Loans, Inc. v. Smith, supra, stated the general rule concerning collection of unearned discounted interest in excess of maximum limits to be as follows:
“ * * * where the holder of the note elects to accelerate maturity, he thereby remits the unearned capitalized interest, but where the maker or obligor elects to pay the indebtedness in advance of maturity no remission can be claimed.”
Defendant relies upon the two following cases as support for his position that the refinancing was usurious: Vosbein v. Leopold, 230 La. 21, 87 So.2d 715 (1956) and Berger v. DeSalvo, 156 So.2d 323 (La.App. 4 Cir. 1963).
In Vosbein, supra, the court, in discussing Article 2924 of the Louisiana Civil Code, stated that:
“ * * * where interest and principal is capitalized in a new note, even though the interest included was usurious, recovery could be had in full on the note. * * (Citations omitted.)
The court then went on to hold that where admittedly usurious interest was combined with an entirely different obligation (i. e., *92 payment of attorney fees) from the prior obligation (i. e., the original loan transaction) the doctrine of capitalization in regard to usurious interest would not be extended.
In Berger, supra, the mortgagor attempted to enjoin a foreclosure sale by execu-tory process alleging that the full amount sought by the mortgagee was not due insofar as the mortgagor had given certain bonuses to induce the mortgagee not to foreclose for set periods of time. The court held that bonus payments for extensions constitute interest and, if the interest so paid exceeds the legal maximum, it is usurious.
It is readily apparent that the Vosbein and Berger cases, supra, are inapposite here as there has been no bonus given nor was the additional interest in the refinancing situations combined with an entirely different obligation from the prior obligation, and we feel that the rule of Consolidated Loans, Inc. v. Smith, supra, controls. Since there is no evidence in the record to show any fraud or coercion the refinancing transactions must be held as voluntary payments, and defendant not entitled to credit for the unearned capitalized interest.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s costs.
Affirmed.