LANDRY, Judge.
Defendant appeals the judgment of the trial court awarding plaintiff recovery upon a promissory note and rejecting defendant’s reconventional demand for judgment declaring the entire note void and un-collectible for usurious violation of our “Small Loan Act”, and for damages and attorney’s fees for alleged violation of the Federal “Truth in Lending Act.” Plaintiff has answered the appeal seeking recovery of the amount disallowed by the trial court as usurious, together with attorney’s fees thereon. We affirm in part and reverse in part.
Except as hereinafter noted, the facts are undisputed.
On May 9, 1967, appellant executed a note to plaintiff aggregating $1,152.00, with interest at the rate of 8% after maturity. Of said sum, $700.00 represented principal consisting of $650.00 cash paid one creditor of appellant and $50.00 cash paid another creditor. The balance consisted of $452.00 discounted interest. The note was payable in 48 installments of $24.00 each. Between June 12, 1967, and October 18, 1969, appellant made 28 payments totaling $689.20. Of this sum, $59.20 was charged appellant as 23 delinquent payment charges, and $375.14 was credited to discounted interest due.
On or about October 22, 1969, appellant contracted a second loan with plaintiff in the sum of $1,277.76, payable in 48 installments of $26.62 each. The instrument provided for 8% interest after maturity and contained the usual acceleration clause granting the holder the option to demand payment in full upon default of payment of any installment when due. This latter note, the one sued on herein, represented cancellation of the balance of $522.00 due on .the prior note, $7.00 advanced by plaintiff for miscellaneous fees, and $100.00 cash advanced to appellant, a total of $627.00, there being a discrepancy of $2.00 in this calculation as noted by the trial court. To the $627.00 (sic) was added $650.76 as discounted interest making the note a total of $1,277.76. Prior to default, appellant made five payments of $26.62, from which late charges of $2.66 were deducted from four of said payments, making a total of $10.64 charged defendant as “late charges.” Plaintiff’s suit seeks judgment for the balance of $1,144.66, plus 8% interest and 25% attorney’s fees to be not less than $30.00 in any event, all as provided for in the note.
Defendant answered contending that the entire loan was void and uncollectible in that it violates the provisions of LSA-R.S. 6:583, a section of our Small Loan Act which is found at LSA-R.S. 6:571 et seq. Alternatively, appellant charges the loan was in violation of 15 U.S.C. 1601 et seq. (May 29, 1968), the Federal and commonly called “Truth in Lending Statute”, and consequently, appellant is entitled to damages and attorney’s fees as therein provided.
The trial court dismissed appellant’s re-conventional demand upon finding that the *590 provisions of our own Small Loan Act and the Truth in Lending Statute are not applicable herein. In effect, the trial court found that the interest provided for by the note in question exceeds the 8% maximum legal limit prescribed in LSA-C.C. 1935 in that the four “late payments” thereon constituted interest in addition to the interest provided therein, thereby rendering the interest rate usurious. Relying upon LSA-R.S. 9:3501, which provides that the penalty for charging usurious interest is forfeiture of all interest called for in the note, the trial court held that all interest, both capitalized interest and interest due after maturity, was forfeited and awarded plaintiff judgment in the sum of $627.00, the principal of the note sued upon, subject to a credit of $133.10 paid thereon by appellant. Additionally, the trial court awarded plaintiff the contracted attorney’s fee of 25%, or $123.47, making a total judgment in favor of plaintiff in the sum of $617.37. Defendant’s appeal seeks reversal of the awards made in plaintiff’s favor and judgment in favor of defendant for the amounts claimed in defendant’s reconven-tional demand. Plaintiff has answered the appeal praying for judgment in the amount of the note sued upon.
According to appellant, the principal on the note in question is only $187.66, the remainder of $1,090.10 being discounted interest. Appellant so concludes on the basis that a balance of only $87.66 was due on the first note when subject note was executed. Appellant maintains that since the former note was for $1,152.00, of which $700.00 was principal and $422.00 discounted interest, and since the late charges paid in the sum of $59.20 also represent interest, usury resulted so that the whole interest is forfeited. In so contending, appellant relies upon LSA-R.S. 9:3501; Gordon Finance Company v. Chambliss, La.App., 236 So.2d 533, and Busada v. Goeders, La.App., 236 So.2d 669. Appellant reaches the foregoing conclusion by deducting the forfeited usurious interest of $375.14 from the $1,152.00 face value of the former note and crediting the balance due thereon with admitted payments of $630.00 and conceded late charge payments aggregating $59.20, leaving the asserted balance of $87.66. Appellant then argues that since he received only $100.00 cash when the current note was executed, the total principal of the present loan is only $187.66, leaving a remainder of $1,090.00 as discounted interest. On this basis defendant maintains that the current loan is less than $300.00, and consequently subject to and in violation of the maximum allowable interest of 3j4% per month (42% annually) provided for by our Small Loan Act. Therefore, according to appellant, the entire transaction is void pursuant to LSA-R.S. 6:583. In so arguing, appellant relies upon Liuzza Credit Service, Inc. v. Taliancich, La.App., 217 So.2d 509, for the proposition that the amount of money actually received by a borrower when a loan is made determines whether the loan falls within the ambit of the Small Loan Act whose provisions apply to loans of $300.00, or less.
Liuzza, above, is inapplicable factually. In Liuzza, above, the debtor executed a note for $435.36, of which sum he received only $292.29. As a condition for obtaining the note, the debtor was obligated to pay $8.71 for a life insurance policy taken out to further secure the loan. The lender claimed the amount of the policy premium' should be added to the amount received in determining the amount of the loan. The court there properly held that the amount received was the determining factor in deciding whether the transaction was subject to the Small Loan Act’s provisions.
The present matter is entirely different. It is conceded a balance of $522.00 was due on the former note when subject note was executed. It is settled law that absent fraud or coercion, and neither has been shown in this instance, the voluntary refinancing of a discounted loan constitutes a willing prepayment pursuant to which the debtor is not entitled to credit for the unearned capitalized interest due *591 and remaining unpaid. Merit Finance Company v. Voorhies, La.App., 241 So.2d 90.
Although defendant correctly argues the interest on the former note was usurious, it is clear that he waived his right to relief when he voluntarily refinanced the loan and signed a new note including the usurious interest forming part of the prior transaction. Where interest and principal are capitalized in a new note, recovery may be had in full thereon notwithstanding the included interest was usurious. Vosbein v. Leopold, 230 La. 21, 87 So.2d 715.
Since appellant paid a total of $689.20 on his original note, of which sum $700.00 represented principal, it follows that a portion of the principal due on the first note remained unpaid when the second note was negotiated. When appellant refinanced the outstanding principal and interest due on the first loan, which amounted to $522.00, said sum in effect became principal on the second note. Said amount, added to the $100.00 actually received by appellant, in legal effect constituted a loan in excess of $300.00, consequently the transaction in question does not fall within the purview of our Small Loan Act. Appellant’s claim that the note in question is completely void pursuant to our Small Loan Act is groundless.
The Truth in Lending Act, 15 U.S.C.A. § 1601 et seq., in essence requires that all charges, including interest, fees, carrying charges or other costs added as consideration for a loan or deferred payment of account, be itemized and that the total thereof be expressed in an annual percentage rate. See 15 U.S.C.A. § 1639(a). Appellant contends that the Loan Disclosure Statement issued by plaintiff in this instance is false in that the amount financed is stated therein to be $627.00 instead of $187.66 which defendant contends, for reasons given above, was the amount actually financed. Appellant further contends the Loan Disclosure Statement is also false in that it lists a finance charge of $650.76, instead of $1,090.10, which latter amount appellant maintains, for reasons shown above, is the actual finance charge. On this premise, appellant urges that the Loan Disclosure Statement reflects an interest rate of 41% whereas the true rate is 284%.
Appellant’s argument is without merit because our law permits capitalization of a balance, including usurious interest, into a new obligation upon which full recovery may be had. Vosbein v. Leopold, above. Under Louisiana law, plaintiff’s figures are correct. Since the true circumstances of the current loan were fully and correctly disclosed on the face of the Loan Disclosure Statement issued in this instance, the lower court correctly found that plaintiff-creditor did not violate the Truth in Lending Act. It follows that appellant’s claim for penalties and attorney’s fees for alleged violation of the Truth in Lending Act were properly rejected by the trial court.
Appellee and an interested party, the latter by amicus curiae brief, urge that this matter is controlled by LSA-C.C. art. 2924, and the decision of the Supreme Court in Mayfield v. Nunn, 239 La. 1021, 121 So.2d 65.
The cited codal article provides in effect that conventional interest may not exceed eight per cent per annum and that any person paying interest on a contract at a higher rate may sue for and recover that interest within two years from the time of payment except in the following cases:
“The owner or discounter of any note or bond or other written evidence of debt for the payment of money, payable to order or bearer or by assignment, shall have the right to claim and recover the full amount of such note, bond or other written evidence of debt and all interest not beyond eight per cent per an-num interest that may accrue thereon, notwithstanding that the rate of interest or discount at which the same may be or may have been discounted has been be *592 yond the rate of eight per cent per an-num interest or discount; but this provision shall not apply to the banking institutions of this State in operation under existing laws.
The owner of any promissory note, bond or other written evidence of debt for the payment of money to order or bearer or transferable by assignment shall have the right to collect the whole amount of such promissory note, bond or other written evidence of debt for the payment of money, notwithstanding such promissory note, bond or other written evidence of debt for the payment of money may include a greater rate of interest or discount than eight per cent per annum, provided such obligation shall not bear more than eight per cent per annum after maturity until paid.”
Mayfield v. Nunn, above, discusses the history of Article 2924, above, in considerable detail. The decision noted that the first of the above quoted paragraphs of Article 2924 had its origin in Act 161 of 1856, while the second stems from Act 62 of 1860, and that both were incorporated into the Civil Code revision of 1870.
Our review of the pertinent jurisprudence discloses numerous instances in which Article 2924, above, is interpreted to permit recovery of interest in excess of 8% per annum when interest is capitalized into the amount of the note. It is equally well established that interest after maturity may not exceed 8% per annum. See Weaver v. Kearny & Blois, 17 La.Ann. 326 (1865); Tarver v. Winn, 18 La.Ann. 557 (1866); Mutual National Bank v. Regan, 40 La.Ann. 17, 3 So. 407 (1888); General Securities Co., Inc. v. Jumonville, 216 La. 681, 44 So.2d 702 (1950). See La.L.Rev. 565, and 35 Tul.L.Rev. 276.
As noted by the Court in Mayfield v. Nunn, above, the purpose of the first exception contained in Article 2924, above, is to facilitate the sale of notes to raise money. It therefore appears the first quoted provi-son refers to the financial practice of commercial discounting, which is the purchasing of an existing indebtedness at less than its face value. The second provision, according to Mayfield v. Nunn, above, “has been employed through the years as authorizing the capitalizing of interest.” The latter provision, therefore, applies to what we understand to be loan discounting or capitalization of interest into the face amount of a loan.
The second exception provided in Article 2924, above, is clearly applicable herein. Of the $1,277.76 face amount of the note in question, $650.76 represents interest, an annual rate of 41% according to the Loan Disclosure Statement issued in connection therewith. Despite the enormity of the rate, it does not violate the usury provisions of Article 2924, above, because it falls squarely within the second exception contained in the applicable article. Plaintiff is therefore entitled to recover the full unpaid face value of the note.
The note also provides for 8% interest per annum from maturity until paid. Interest from maturity does not fall within and is expressly excluded from the two specific exceptions to the usury prohibition contained in Article 2924, above. Defendant made five payments of $26.62, a total of $133.10 on the note. From four of these payments, late charges were deducted.
Plaintiff maintains the trial court erred in considering the late charges interest rendering the transaction usurious. Plaintiff argues that “interest on a loan” is provided for in LSA-C.C. art. 2924, which establishes conventional and legal interest and fixes the rates thereof. On the other hand, according to plaintiff, LSA-C.C. art. 1935, provides for interest as damages for delay in the performance of an obligation to pay money, and it is in this latter category that late payments fall. Consequently usury, according to plaintiff, is determined solely by the amount of interest charged as such on a loan. On this basis, it is argued that since the late charges were not *593 charged as interest pursuant to Article 2924, above, but as damages pursuant to Article 1935, the interest due from maturity is not usurious and therefore collectible. Finally, appellant contends that Consolidated Loans, Inc. v. Smith, La.App., 190 So.2d 522, and Gordon Finance Company v. Chambliss, La.App., 236 So.2d 533, on which the trial court relied, failed to make this distinction.
Consolidated Loans, above, differentiated between late payments which constitute interest and those which do not. On the basis of cited authorities, Consolidated Loans, above, held that late payments made solely for the purpose of obtaining an extension of time to pay constitute interest. The decision also notes that late payments affording the debtor some benefit from the extension, over and above a mere delay in payment or because the creditor suffered a diminution of security, do not constitute interest.
In the case at hand, the late payments afforded the debtor no benefits other than those attending a simple extension of time. Neither has the present creditor shown sufferance of a diminution of its security. We find that the late payments in question rendered usurious the interest stipulated to accrue from maturity.
LSA-R.S. 9:3501 provides that “Any contract for the payment of interest in excess of that authorized by law shall result in the forfeiture of the entire interest so contracted.” This statutory provision is obviously in pari materia with Article 2924, and the two must therefore be construed together.
A study of past jurisprudence discloses what we deem a hopeless conflict of authority regarding the effect of R.S. 9:3501, above. It suffices to state that the following authorities have held that the penalty for usury is forfeiture only of that portion of the interest which exceeds the legal rate. See Williams v. Halsmith, 17 La.Ann. 200 (1856); Osborne v. Mossler Acceptance Co., 214 La. 503, 38 So.2d 151, and Berger v. DeSalvo, La.App., 156 So.2d 323 (1963). On the other hand, it has been held on numerous occasions that usury operates a forfeiture of all interest tainted-by its stigma. Crane v. Beatty, 15 La.Ann. 329 (1860); Barrett v. Chaler, 2 La.Ann. 874 (1847); Busada v. Goeders, La.App., 236 So.2d 669; Consolidated Loans, Inc. v. Smith, La.App., 190 So.2d 522; Gordon Finance Company, Inc. v. Chambliss, La.App., 236 So.2d 533.
Counsel for all parties maintain there is seeming inconsistency between the opinion of this Court in Consolidated Loans, above, and that of the Fourth Circuit in Gordon Finance Company v. Chambliss, above. It is argued that in Consolidated Loans, this court held that late payments resulting in usury operate a forfeiture of interest only for the pay period involved, whereas, in Gordon Finance Company, above, it was held that such payments effect a forefei-ture of all interest due under the contract. In Consolidated Loans, above, we held that the late charges paid exceeded maximum interest for the delinquency period, but that because the payments rendered the interest rate usurious, the entire interest due was forfeited.
We are of the opinion that the legislative prohibition against usurious interest, as embodied in LSA-R.S. 9:3501, represents a policy position. The obvious intent of the statute is to afford borrowers some measure of protection from unscrupulous lenders. We likewise note that the tenor of more recent decisions interpreting the statute is to the effect that violation operates a forfeiture of all interest due. We share the view, and so hold. We also hold that plaintiff-creditor is entitled to no interest whatsoever on the note from maturity. The note was for $1,277.76. Appellant made five payments totaling $133.10, which leaves a balance of $1,144.66, for *594 which amount plaintiff is entitled to judgment.
It is ordered, adjudged and decreed that the judgment of the trial court denying plaintiff recovery of capitalized interest is reversed and set aside, and judgment rendered herein in favor of Thrift Funds of Baton Route, Inc. against defendant, Charlie Jones, in the sum of $1,144.66, together with legal interest thereon from date of judicial demand, until paid, and attorney’s fees of 25% of $1,144.66; all costs of these proceedings to be paid by plaintiff, Thrift Funds of Baton Rouge, Inc.
Affirmed in part, reversed in part and rendered.