CUTRER, Judge.
This is a suit by Evangeline Bank & Trust Company on two promissory unsecured installment notes against Mary Guil-lory, the maker. Defendant pleads that the interest charged was usurious.
The first note was executed on June 10, 1976, reflecting the sum of $222.36 due *221 plaintiff, payable in 12 installments of $18.53, the first payment due July 10, 1976i The second note was executed on June 18, 1976, reflecting the sum of $389.56 due plaintiff, payable in 12 installments of $32.43, the first payment due July 18,1976. Plaintiff alleges that defendant defaulted on each note, defendant making only two payments on the first note, the last payment being made August 25,1976. Defendant made one payment on the second note on July 30, 1976. Each note provided for interest at the rate of 10% per annum from date of maturity.
The trial court rendered judgment for the balance due on both notes plus interest at the rate of 10% from maturity on each note, August 25, 1976 on the first note and July 30, 1976 on the second note, plus 25% attorney’s fees. Defendant appeals, taking the position that the 10% interest rate after maturity is usurious as it violates Civil Code art. 2924[1] which limits conventional interest to 8%.
Plaintiff contends that the Louisiana Consumer Credit Law (LSA-R.S. 9:3510, et seq.) is applicable, which act authorizes such interest rate.
Three issues are presented:
(1) Are the provisions of the Louisiana Consumer Credit Law applicable to these two transactions?
(2) Whether the 10% interest rate after maturity is usurious.
(3) If such interest rate is usurious, is plaintiff entitled to collect any interest?
I.
The Louisiana Consumer Credit Law (Act No. 454 of 1972), Chapter 2 of Title 9 of the Louisiana Revised Statutes, became effective on January 1, 1973, by its own provisions. Act No. 454 of 1972 Section 9[2] provided that the 8% limitation on “after maturity” interest was not applicable to consumer credit transactions under the provisions of the Louisiana Consumer Credit Law. If applicable the provisions of this law would prevail over Civil Code art. 2924. LSA-R.S. 9:3516(13) provides in pertinent part:
“ ‘Consumer loan’ means a loan of money . . not exceeding twenty-five thousand dollars in principal amount made by a supervised financial organization, a licensed lender, or a lender in which the debtor is a consumer . . . .”
“Supervised financial organization” includes banks in the definition set out in LSA-R.S. 9:3516(26).[3] LSA-R.S. 9:3516(8) provides:
“ ‘Consumer’ means a natural person who purchases goods, services, or movable or immovable property or rights therein, for a personal, family, household, or agricultural purpose and includes a purchaser or buyer in a consumer credit sale or transaction made with the use of a seller credit card or otherwise, a lessee in a consumer lease, or a borrower or debtor in a consumer loan, revolving loan account, or a lender credit card. . . . ” (Emphasis added)
*222 Under these provisions, the loans herein were “consumer loans” and the Louisiana Consumer Credit Law is applicable thereto.
II.
We turn to the Louisiana Consumer Credit Law to determine if the interest rate after maturity is usurious. LSA-R.S. 9:3529 provides in pertinent part:
“. . .if the maturity is accelerated for any reason and suit is filed, . . . , thereafter the obligation sued upon shall be deemed to bear a loan finance charge or credit service charge on the amount due not to exceed the rate previously charged on the obligation.” (Emphasis added)
LSA-R.S. 9:3522 reads:
“On all precomputed consumer credit transactions, beginning one year after contractual maturity, the loan finance charge or the credit service charge may not thereafter exceed eight percent per annum.” (Emphasis added)
LSA-R.S. 9:3516(22) defines “precomputed consumer credit transactions” as being:
“. . .A consumer credit transaction is ‘precomputed’ if the debt is expressed as a sum comprising the amount financed, or deferred additional charges, and the amount of the loan finance charge or credit service charge computed in advance.”
The notes herein were precomputed as the debt in each note is expressed as a sum comprised of the amount financed and the amount of the loan finance charge.
In summary, these sections authorize a supervised financial organization, including banks, to charge, on precomputed notes, as much interest after maturity as it charged on the original obligation.[4] This authority, however, is limited to a period of one year. One year after maturity, the bank is not authorized to charge more than 8% interest. In the case at hand, both notes contained a charge of 10% after maturity with no limitation. Since the 10% after maturity extends beyond the one-year limitation, such interest is not authorized by law. The interest charged after maturity must be classified usurious.
III.
Having classified such interest as usurious, we examine the statutes and jurisprudence to determine the effect of same.
LSA-R.S. 9:3501 provides:
“Any contract for the payment of interest in excess of that authorized by law shall result in the forfeiture of the entire interest so contracted.”
Thrift Funds of Baton Rouge, Inc. v. Jones, 274 So.2d 150 (La.1973), cert. denied 414 U.S. 820, 94 S.Ct. 115, 38 L.Ed.2d 53 (1973), interpreted the statute to mean:
“Both the trial and the intermediate court held that the unambiguous meaning of the statute is to cause the forfeiture of all interest due on the contract, not just the usurious portion of it and not just during the period that usurious charges were exacted. They were correct in so doing.
“As the court of appeal noted, the past jurisprudence is in conflict. However, upon examination, the decisions which only disallowed the usurious portion of the interest are not persuasive or controlling. (footnote omitted) As the decision notes, the more considered and the more recent decisions have enforced the unambiguous language of the statute that all interest due under the contract is forfeit *223 ed when usurious charges are exacted, in the light of the statute’s intent to penalize usurious creditors and to protect borrowers. Crane v. Beatty, 15 La.Ann. 329 (1860); Miley v. Steedley, 269 So.2d 522 (La.App. 1st Cir. 1972); Busada v. Goeders, 236 So.2d 669 (La.App. 2nd Cir. 1970); Gordon Finance Company v. Chambliss, 236 So.2d 533 (La.App. 4th Cir. 1970), certiorari denied 256 La. 869, 239 So.2d 364 (1970); Consolidated Loans, Inc. v. Smith, 190 So.2d 522 (La.App. 1st Cir. 1966), certiorari denied 249 La. 753, 190 So.2d 913 (1966).”
Accordingly, we hold that the notes are usurious, the penalty for which is the forfeiture of all interest on each note.[5]
For the reasons assigned, the judgment appealed from is affirmed insofar as it awards the sum of the principal obligation, insurance premium and attorney’s fees. Such judgment is reversed insofar as it awards interest on the two notes. The judgment is recast to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Evangeline Bank & Trust Company, for the sum of $486.64, plus 25% of same as attorney’s fees; all costs of these proceedings in both courts to be paid by plaintiff.
AFFIRMED IN PART; REVERSED IN PART.

. C.C. Art. 2924 provides in part as follows:
“Art. 2924. Interest is either legal or conventional. .

“The amount of the conventional interest cannot exceed eight percent. . . . ”

. Act No. 454 of 1972 § 9 provides in part:
“The owner of any promissory note, bond or other written evidence of debt for the payment of money to order of bearer or transferable by assignment shall have the right to collect the whole amount of such promissory note, bond or other written evidence of debt for the payment of money, notwithstanding such promissory note, bond or other written evidence of debt for the payment of money may include a greater rate of interest or discount than eight percent per annum; provided such obligation shall not bear more than eight percent per annum after maturity until paid; but this provision shall not apply to a consumer credit transaction as defined by the Louisiana Consumer Credit Law. . (Emphasis added)

. LSA-R.S. 3516(26) provides:
“(26) “ ‘Supervised financial organization’ is a banking or similar organization organized, certified and supervised by an agency of either the United States of America or of the State of Louisiana pursuant to the banking, currency and related laws of the United States of America or of the State of Louisiana.”

. Each of these notes stated that the annual percentage rate of 17.97% was charged on the principal obligation, which rate is less than that authorized by LSA-R.S. 9:3519. This statute provides:
“A. The maximum loan finance charge for any consumer loan other than one made with a lender credit card that may be charged, contracted for or received by a licensed lender or supervised financial organization may equal but may not exceed the greater of either of the following:
“(1) the total of
“(a) thirty-six percent per year for that portion of the unpaid principal amount of the loan not exceeding eight hundred dollars;
******
“(e) eighteen percent per year on the unpaid balances of the amount borrowed.”

. Defendant owed $200 in principal on the first note, plus an insurance fee of $2.23 for a total of $202.23. On this sum, defendant has made two payments of $18.53 each for a total of $37.06. Subtracting these payments from the total of $202.23, it is determined that the defendant now owes $165.17 on the first note.
Defendant owed $350.00 in principal on the second note, plus an insurance fee of $3.90 for a total of $353.90. Defendant made one payment of $32.43 on this amount; therefore, she now owes $321.47 on the second note. Defendant thus owes the bank a total of $486.64 [$165.17 plus $321.47],